GORDON J. QUIST, UNITED STATES DISTRICT JUDGE
On May 29, 2018, Plaintiff Robert Jeremy Horton, on behalf of himself and those similarly situated, sued GameStop Corp., alleging that GameStop was unlawfully selling his personal reading information to third-party marketing, list-rental, and data-mining companies between May 29, 2015 and July 30, 2016. The Plaintiff claims that this conduct violated the Preservation of Personal Privacy Act (PPPA), also known as the Video Rental Privacy Act (VRPA). Mich. Comp. Laws § 445.711 et seq.
GameStop has moved to dismiss on two grounds: failure to state a claim and applicability of the actual-damages requirement. Fed. R. Civ. P. 12(b)(6) (ECF No. 8). The Court will deny GameStop's motion.
I. Background
GameStop offers subscriptions to its video-game magazine, Game Informer . Plaintiff alleges that GameStop sold information about its Game Informer subscribers to data-mining companies for profit without the customers' written consent. (ECF No. 1 at PageID.1-2.) Specifically, Horton claims that he purchased a one-year subscription to Game Informer in 2010, and then again in 2013, and he has renewed his subscription in the years since. Horton maintains that he never agreed to sell or disclose his personal reading information and did not receive notice prior to the disclosures to various third parties. (Id. at PageID.11.) According to Horton, due to GameStop's alleged disclosures of his personal reading information, he now receives unwanted junk mail and telephone solicitations and that he suffered an invasion of privacy. Horton also claims that he suffered economic harm because GameStop's sale of his personal reading information rendered his subscription to Game Informer less valuable. (Id. at PageID.12.)
II. Legal Standards
When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Although the plausibility standard is not equivalent to a " 'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly , 550 U.S. at 556, 127 S. Ct. at 1965 ). A complaint may be dismissed for failure to state a claim if it fails " 'to give the defendant fair notice of what ... the claim is and the grounds upon which it *682 rests.' " Twombly , 550 U.S. at 555, 127 S. Ct. at 1959 (quoting Conley v. Gibson , 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L.Ed.2d 80 (1957) ).
III. Discussion
The VRPA makes it unlawful for a person, or the employee or agent of a person, engaged in the business of selling written material to disclose information personally identifying the customer. Mich. Comp. Laws § 445.1712. The VRPA also authorizes the customer whose information was disclosed in violation of the act to sue for damages. § 445.1715.
(A) The Complaint Adequately Pleads a Claim.
GameStop first argues that the facts alleged in the complaint do not rise to the level of plausibility that GameStop is liable. GameStop states that NextMark, a company that purported to sell Game Informer subscriber information, says on its website that it does not sell mailing lists, and, moreover, that Plaintiff has not established a connection between GameStop's alleged disclosure of information and the junk mail and solicitations that Horton received. (ECF No. 9 at PageID.51-52.) However, Plaintiff attached as Exhibit B to the complaint a printout from the NextMark website, in which NextMark claims to sell the Game Informer Magazine mailing list.[1] (ECF No. 1-2 at PageID.24-26.) Horton also alleged that the "harassing junk mail offerings and phone call solicitations ... are attributable to GameStop's unauthorized sale and disclosure of his Personal Reading Information" (ECF No. 1 at PageID.12) and that "GameStop's disclosure ... caused an influx of third party print advertisements to his home and marketing calls to his telephone" (Id. at PageID.17). Given that GameStop possessed the Game Informer subscription information and that NextMark purported to sell that information, the implication that GameStop disclosed the information to NextMark or other data-mining companies passes the threshold of plausibility.
(B) The Claim Is Not Barred by the Actual-Damages Requirement.
GameStop's remaining arguments focus on which version of the VRPA applies to Plaintiff's claims. The VRPA was amended in 2016, with an effective date of July 31, 2016. The prior version of the act allowed a customer to recover "[a]ctual damages, including damages for emotional distress, or $ 5,000.00, whichever [was] greater." § 445.1715 (1989) (amended July 31, 2016). However, the post-amendment version limits recovery to actual damages, removing the statutory-damages provision. § 445.1715 (2016). GameStop argues that the actual-damages requirement applies to Plaintiff's claim because the complaint was filed nearly two years after the amendment took effect. Plaintiff counters that his claim accrued prior to the effective date of the amendment.
Both parties acknowledge that the VRPA 2016 amendment does not apply retroactively. See *683 Coulter-Owens v. Time Inc. , 695 F. App'x 117, 121 (6th Cir. 2017). However, the parties disagree about whether the date of filing or the date that the claim accrued determines the amendment's applicability. Defendant cites Raden v. Martha Stewart Living Omnimedia, Inc. , No. 16-12808, 2017 WL 3085371, at *4 (E.D. Mich. July 20, 2017), reconsideration denied , No. 16-12808, 2018 WL 460072 (E.D. Mich. Jan. 18, 2018),[2] which holds that the amended version of the VRPA governs. Plaintiff, however, identifies several Michigan and federal cases which hold that the date of accrual, rather than the date of filing, governs. See, e.g. , Hill v. Gen. Motors Acceptance Corp. , 207 Mich. App. 504, 513-14, 525 N.W.2d 905, 910 (1994) ("Michigan courts have followed the general rule that the relevant inquiry in determining the applicability of a statute is the date on which the cause of action arose."). Also, the Michigan Supreme Court has stated that the applicable version of the VRPA is the one "in effect at the time of the events giving rise to this case." In re Certified Question from United States Court of Appeals for Ninth Circuit (Deacon v. Pandora Media, Inc.) , 499 Mich. 477, 483 n. 7, 885 N.W.2d 628, 630 n. 7 (2016). Thus, the unamended VRPA applies to Plaintiff's claims that accrued prior to July 31, 2016, and, consequently, Plaintiff was not required to plead actual damages.
Additionally, even if the amended VRPA did apply to Plaintiff's claims, Plaintiff has alleged actual damages sufficient to avoid dismissal. A consumer's allegation that he would not have bought a product or would have paid less for a product had certain information been available to the consumer constitutes an economic injury. Davidson v. Kimberly-Clark Corp. , 889 F.3d 956, 966 (9th Cir. 2018) (noting that "a consumer's allegation that she would not have bought the product but for the misrepresentation is sufficient to allege causation and to allege economic injury") (quotation marks, alterations, and citation omitted); Medmarc Cas. Ins. Co. v. Avent Am., Inc. , 612 F.3d 607, 616 (7th Cir. 2010) (stating that "plaintiffs would not have purchased the products had [the defendant] made certain information known to the consumers and therefore the plaintiffs have been economically injured"). Although the above cases were decided in the context of false advertisement or fraud, one federal district court has found that a plaintiff alleged an economic injury from a violation of the Michigan VRPA when she claimed that she would not have purchased a subscription had she known that her personal information would be disclosed. Boelter v. Hearst Commc'ns, Inc. , 269 F.Supp.3d 172, 186 (S.D.N.Y. 2017). Thus, under the applicable pre-amendment version of the VRPA, Plaintiff was not required to allege actual damages, and even if his claims had fallen under the post-amendment version of the VRPA, he has alleged damages sufficient to survive a motion to dismiss.
IV. Conclusion
For the foregoing reasons, the Court will deny Defendant's motion to dismiss.
Therefore, IT IS HEREBY ORDERED that Defendant's motion (ECF No. 8) is DENIED .

GameStop cites Jones v. City of Cincinnati , No. 1:04-CV-616, 2006 WL 2987820, at *4 (S.D. Ohio Oct. 17, 2006) for the proposition that the Court is not required to accept as true allegations that are contradicted by evidentiary materials. Although GameStop submitted an exhibit attached to its brief in support of its motion to dismiss that shows that NextMark states on its website that it does not sell subscriber lists (ECF No. 9-1 at PageID.64), Plaintiff did not rely on the bare allegation that GameStop sold its PRI but rather provided its own evidentiary materials in the form of a print-out from the NextMark website that states that the Game Informer mailing list was for sale (ECF No. 1-2 at PageID.24-26).

Plaintiff points out in his Response in Opposition to Defendant's Motion to Dismiss that Raden has not yet been reviewed by the Sixth Circuit because the decision is not yet appealable (ECF No. 14 at PageID.132).